**United States District Court**
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8     MARY SWEARINGEN, *et al.*,                    No. C-13-4324 EMC

9                 Plaintiffs,

10          v.                                      **ORDER DENYING IN PART
                                                    DEFENDANT'S MOTION TO DISMISS
11    LATE JULY SNACKS LLC,                         FIRST AMENDED COMPLAINT**

12                 Defendant.                       **(Docket No. 32)**
      _____/

13

14

15          Pending before the Court is Defendant Late July Snacks, LLC ("Late July") motion to

16    dismiss Plaintiffs Mary Swearingen and Robert Figy ("Plaintiffs") first amended class action

17    complaint ("FAC").  Docket No. 32.  Having considered the parties' briefs and accompanying

18    submissions as well as the oral argument of counsel, the Court hereby **DENIES** in part the motion to

19    dismiss and **STAYS** the action pursuant to the doctrine of primary jurisdiction.

20                          **I.    INTRODUCTION**

21          Plaintiffs bring this putative class action against defendant Late July, alleging its use of the

22    term evaporated cane juice ("ECJ") in the ingredient list of its cracker and snack chip food products

23    when, in fact, the ingredient is either "sugar" or "dried cane syrup," violates state and federal food

24    labeling laws and is unlawful, deceptive, and misleading to consumers.  *See* FAC ¶¶ 6, 38, 42, 55

25    (Docket No. 26).  Plaintiffs' primary claims arise under California's Unfair Competition Law

26    ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*) and the Consumer Litigation Remedies Act

27    ("CRLA") (Cal. Civ. Code § 1750, *et seq.*).

28

United States District Court

For the Northern District of California

1       Food labeling is regulated at the federal level under the Food Drug & Cosmetic Act

2 ("FDCA") and its implementing regulations. The California Sherman Food, Drug, and Cosmetic

3 Law ("Sherman Law"), Cal. Health & Safety Code § 109875 *et seq.*, expressly incorporates the food

4 labeling requirements of the FDCA. *See* Cal. Health & Safety Code § 110100 ("All food labeling

5 regulations and any amendments to those regulations adopted pursuant to the federal act . . . shall be

6 the food labeling regulations of this state."). Under the FDCA, as amended by Nutrition Labeling

7 and Education Act ("NLEA"), food is "misbranded" if its "labeling is false or misleading in any

8 particular." *United States v. Watkins*, 278 F.3d 961, 967 (9th Cir. 2002) (quoting 21 U.S.C. §

9 343(a)). Specifically, "[i]ngredients required to be declared on the label or labeling of a food . . .

10 shall be listed by common or usual name." 21 C.F.R. § 101.4(a)(1). Under 21 C.F.R. § 102.5, the

11 common or usual name must accurately describe "the basic nature of the food or its characterizing

12 properties or ingredients" and "may not be confusingly similar to the name of any other food that is

13 not reasonably encompassed within the same name." 21 C.F.R. § 102.5(a)

14       Plaintiffs argue that ECJ is not the "common or usual name" of sugar. *See e.g.* FAC ¶ 46.

15 Plaintiffs point to 21 C.F.R. § 101.4, which provides that "'[f]or purposes of ingredient labeling, the

16 term *sugar* shall refer to sucrose, which is obtained from sugar cane or sugar beets in accordance

17 with the provisions of 184.1854 of this chapter.'" *Id.* ¶ 46. Section 184.1854 provides the "common

18 names" of sugar, and makes clear that the definition of sugar/sucrose includes products "obtained by

19 crystallization from sugar cane or sugar beet juice that has been extracted by pressing or diffusion,

20 then clarified and evaporated." *Id.* ¶ 47 (quoting 21 C.F.R. § 184.1854). Accordingly, Plaintiffs

21 argue that Late July's products using the term ECJ in the ingredients list are misbranded bringing

22 claims under California's UCL and CLRA, as well as claims for breach of express and implied

23 warranties, negligent misrepresentation, negligence, unjust enrichment, common count of money

24 had and received – recovery in assumpsit, and declaratory relief.

## II. DISCUSSION

26     Late July moves to dismiss the FAC on several grounds including under the doctrine of

27 primary jurisdiction. Parties submitted supplemental briefing on the issue of primary jurisdiction in

28 light of the March 4, 2014 Food and Drug Administration ("FDA") notice to reopen the comment

2

United States District Court

For the Northern District of California

1  period through May 5, 2014, on a 2009 draft guidance entitled *Guidance for Industry: Ingredients*

2  *Declared as Evaporated Cain Juice, Draft Guidance* ("Draft Guidance").  *See* Order on Supp.

3  Briefing (Docket No. 57); Def. Second RJN, Ex. A, *FDA Notice to Reopen Comment Period* ("FDA

4  Notice") (Docket No. 53-1).  Late July argues dismissal is appropriate because the FDA's position

5  on whether ECJ is a common or usual name for sugar is not resolved, the issue is complex and

6  requires technical agency expertise, the FDA is actively considering the very question, and dismissal

7  would promote uniformity in food labeling.  *See* Def. Supp. Brief (Docket No. 59); *see also* Def.

8  Motion (Docket No. 32); *see also* Def. Reply (Docket No. 52).  Plaintiffs argue the FDA has

9  maintained a longstanding and consistent position that use of the term ECJ in food labeling violates

10 existing regulations, any final guidance would be non-binding on the courts, claims are pursued that

11 the FDA has no jurisdiction over, and forms of relief are requested, including monetary damages,

12 which the FDA cannot grant.  *See* Pl. Supp. Brief (Docket No. 58); *see also* Pl. Opp. (Docket No.

13 48).

14 A.      Legal Standard

15        "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a

16 complaint without prejudice pending the resolution of an issue within the special competence of an

17 administrative agency.  A court's invocation of the doctrine does not indicate that it lacks

18 jurisdiction." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  The primary

19 jurisdiction doctrine is to be applied only in a "limited set of circumstances" and is "not designed to

20 'secure expert advice' from agencies 'every time a court is presented with an issue conceivably

21 within the agency's ambit.'"  *Id.* (citing *Brown v. MCI WorldCom Network Servs.*, 277 F.3d 1166,

22 1172 (9th Cir.2002)).  It is a "prudential" doctrine under which a court "determines that an otherwise

23 cognizable claim implicates technical and policy questions that should be addressed in the first

24 instance by the agency with regulatory authority over the relevant industry rather than by the judicial

25 branch." *Clark*, 523 F.3d at 1114.  No fixed formula exists and courts have traditionally examined

26 the following factors, "(1)a need to resolve an issue that (2) has been placed by Congress within the

27 jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that

28 subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or

1   uniformity in administration." *Id.* at 1115 ("*Syntek* factors") (citing *Syntek Semiconductor Co., Ltd.*

2   *v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002)).

3   B.      Analysis

4          In light of the March 4, 2014 FDA action to reopen the comment on the draft guidance with

5   the intent to "revise the draft guidance, if appropriate, and issue it in final form," many courts in this

6   district have stayed or dismissed actions under the doctrine.  *See e.g. Reese v. Odwalla, Inc.*, —

7   F.Supp.2d —,  2014 WL 1244940 *8 (N.D. Cal. March 25, 2014) (staying the action under the

8   primary jurisdiction doctrine because "[a]ny final pronouncement by the FDA in connection with

9   that process almost certainly would have an effect on the issues in litigation here"); *Swearingen, et*

10  *al. v. Santa Cruz Natural, Inc.*, 13-CV-0421-SI, 2014 WL 1339775 (April 2, 2014); *Figy v. Amy's*

11  *Kitchen*, 13-CV-3816-SI (April 9, 2014) (Docket No. 63); *Figy* v. *Lifeway Foods, Inc.,* 13-CV-4828-

12  TEH (May 8, 2014) (Docket No. 44); *Swearingen, et al. v. Attune Foods, Inc.,* 13-CV-4541-SBA

13  (May 19, 2014) (Docket No. 34); *Avila v. Redwood Hill Farm and Creamery, Inc.,* 13-CV-0335-

14  EJD (May 19, 2014) (Docket No. 47); *Swearingen, et al. v. Yucatan Foods, LP,* 13-CV-3544-RS

15  (May 20, 2014) (Docket No. 44) (granting defendant's motion for reconsideration and dismissing

16  the action under the doctrine of primary jurisdiction).  Plaintiffs alert the Court to two courts in this

17  district that found the doctrine inapplicable to stay or dismiss an action despite the recent FDA

18  Notice.  *See Swearingen v. Amazon Pres. Partners, Inc.*, 13-CV-04402-WHO, 2014 WL 1100944 *4

19  n. 3 (Mar. 18, 2014) ("[i]t remains unclear when or if the FDA will conclusively resolve this

20  issue. . . Lacking definitive guidance, this case will proceed apace."); *Morgan v. Wallaby Yogurt*

21  *Co., Inc.*, 13-CV-00296-WHO, 2014 WL 1017879 *12 n. 2 (Mar. 13, 2014); *Samet, et al. v. Procter*

22  *& Gamble Company, et al.,* 12-CV-1891-PSG (denying motions for leave to file motions for

23  reconsideration because, *inter alia,* "[a] notice that the agency still has yet to develop final guidance

24  therefore does not constitute a material difference in fact or law.").

25         In light of the FDA Notice, this Court finds application of the primary jurisdiction doctrine

26  appropriate.  All four *Syntek* factors are met.  *Syntek Semiconductor Co., Ltd*, 307 F.3d at 781.

27  Specifically, pursuant to the FDCA (21 U.S.C. § 301, *et seq.*), the FDA has the regulatory authority

28  and is actively considering an issue central to the litigation, whether ECJ is a common or usual name

United States District Court

For the Northern District of California

1    for sugar, intending to issue a guidance in final form.  Resolution of this issue requires the FDA's

2    expertise because it involves analysis of the method of manufacturing ECJ and whether that method

3    differs from the manufacturing of sugar, understanding of the characterizing properties of ECJ

4    ingredients, and the difference between ECJ and other sweeteners.  *See* FDA Notice (Docket No. 53-

5    1).  Even though FDA's final guidance on this question is not binding on the courts, its

6    interpretation is likely to be entitled to some deference.  *See Chevron, U.S.A., Inc. v. Natural Res.*

7    *Def. Council, Inc.,* 467 U.S. 837, 863 (1984).  Thus, applying the doctrine of primary jurisdiction

8    "will enhance court decision-making and efficiency by allowing the court to take advantage of

9    administrative expertise."  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1051 (9th Cir.

10   2000); *Figy,* 13-CV-3816-SI \*5.  Moreover, uniformity in administration of food labeling laws is

11   promoted by deferring the issue to the FDA to help ensure that the courts consistently apply the law,

12   particularly in light of the multitude of pending litigations in this district alone on the identical issue.

13    Accordingly, the Court finds it is appropriate to apply the doctrine of primary jurisdiction.

14       District Courts have the discretion to either stay or dismiss an action without prejudice under

15   the primary jurisdiction doctrine.  *See Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091

16   (9th Cir. 2006).  "The court may stay the case and retain jurisdiction or, 'if the parties would not be

17   unfairly disadvantaged, . . . dismiss the case without prejudice.'"  *Id.* (citing *Reiter v. Cooper*, 507

18   U.S. 258, 268-69 (1993)).  In deciding whether parties would be disadvantaged, the factor most

19   often considered is "whether there is a risk that the statute of limitations may run on the claims

20   pending agency resolution of threshold issues."  *Davel*, 460 F.3d at 1091.  To minimize any

21   prejudice to the Plaintiffs and the loss of claims because of the activation of the statute of limitations

22   which flows from the dismissal, the Court finds it is appropriate to stay the action and to revisit

23   whether the stay is still appropriate at a status conference in five months time.  Such a stay would

24   not prejudice Late July.  Furthermore, parties are welcome to alert the Court to any significant FDA

25   actions regarding the draft guidance in advance of the status conference.

26   ///

27   ///

28   ///

5

United States District Court

For the Northern District of California

1

### III.   CONCLUSION

2      Accordingly, the Court **DENIES** in part the motion to dismiss and **STAYS** the action under

3   the primary jurisdiction doctrine in light of the FDA's recent decision to reopen the comment period

4   with the intent to issue the guidance in final form.

5      This order disposes of Docket No. 32.

6

7      IT IS SO ORDERED.

8

9   Dated:  May 29, 2014

10

11   _____
     EDWARD M. CHEN
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28